91 F.3d 145
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Lopez GARCIA, Sr., Defendant-Appellant.
 No. 95-5927.
 United States Court of Appeals, Sixth Circuit.
 July 17, 1996.
 
 Before: NORRIS and DAUGHTREY, Circuit Judges; HILLMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant raises four assignments of error: (1) that his conviction was barred by the Double Jeopardy Clause, (2) that his sentence improperly included an enhancement for being a manager or supervisor of criminal activity involving five or more participants, (3) that the district court found him responsible for an excessively high quantity of drugs, and (4) that the district court erroneously refused to grant a downward departure on the basis of sentence entrapment. As we conclude that there is no error, we affirm.
 
 
 2
 The double jeopardy argument, that the civil forfeiture under 21 U.S.C. § 881(a)(6) of currency used in a narcotics transaction constituted former jeopardy that barred defendant's subsequent criminal prosecution, is disposed of by the Supreme Court's recent decision in United States v. Ursery, Nos. 95-345/346, 1996 WL 340815 (U.S. June 24, 1996). The Court held that forfeitures under 21 U.S.C. § 881(a)(6), as with civil forfeitures generally, do not constitute "punishment" for purposes of the Double Jeopardy Clause. Id. at * 15-16. As in Ursery, defendant was not placed in jeopardy by the forfeiture, so his subsequent criminal prosecution was valid.
 
 
 3
 Reviewing the enhancement of defendant's sentence under U.S.S.G. § 3B1.1 for clear error, United States v. Ward, 68 F.3d 146, 151 (6th Cir.1995), cert. denied, 116 S.Ct. 1028 (1996), we believe that enhancement was permissible. The only real question was whether the government adequately proved that Roland Allen was a participant in defendant's criminal endeavor. Officer John Hardcastle testified that telephone records linked Allen to Steven Williams, who defendant acknowledges was a participant. Hardcastle indicated that Williams made numerous statements tying Allen to the drug activities at issue. Moreover, Hardcastle stated that he had other information linking Allen to the conspiracy but that he could not disclose it due to the need to preserve the secrecy of grand jury proceedings. There is nothing in the record to suggest that Hardcastle's testimony is so lacking in indicia of reliability as to offend due process. See United States v. Little, 61 F.3d 450, 453 (6th Cir.1995), cert. denied, 116 S.Ct. 954 (1996).
 
 
 4
 Turning to his third assignment of error, defendant has failed to establish that the district court's attribution to him of fifty-one kilograms of cocaine was clearly erroneous. United States v. Gessa, 57 F.3d 493, 496 (6th Cir.1995), cert. denied, 116 S.Ct. 827 (1996). Officer Hardcastle testified that sixteen kilograms of cocaine were seized from Williams' truck in June of 1994. When those sixteen kilograms are added to the thirty-five kilograms contemplated for the July 1994 transaction, the result is an amply supported finding of fifty-one kilograms.
 
 
 5
 Finally, "[u]nless the decision involves an incorrect application of the sentencing guidelines or is otherwise in violation of the law, a district court's discretionary refusal to depart downward is not appealable." United States v. Scott, 74 F.3d 107, 112 (6th Cir.1996). On the record before us, there is no plausible argument that the district court misapplied a guideline or that it was unaware of its discretion to grant a downward departure. Defendant briefed this very point, and there is no evidence that the district court was in any way confused. Moreover, the ten-point departure defendant sought would require him to show that, but for some evil conduct on the part of the government, he would not have purchased more than two kilograms of cocaine--an impossible showing on this record.
 
 
 6
 The conviction and sentence are affirmed.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan